49 61
65 543

JOHN W. SPENCER, TRUSTEE, AND ANOTHER *vs.* JONATHAN BIDWELL.

The statute with regard to replevin, (Gen. Statutes, tit. 19, ch. 17, part 15, sec. 2,) provides that no writ shall be issued until the plaintiff or some credible person shall subscribe an affidavit that the affiant believes that the plaintiff is entitled to the immediate possession of the goods sought to be replevied, which affidavit shall be annexed to the writ. In a replevin suit brought jointly by a husband as trustee of his wife and by

the wife in her own right, the affidavit, which was signed by the husband, stated that he believed that he as trustee of his wife or his wife in her own right was entitled to the immediate possession of the property. Held to be insufficient.

REPLEVIN for a sleigh. Motion in error by the plaintiff from a judgment of the Court of Common Pleas in Hartford County, *Calhoun, J.* The case is fully stated in the opinion.

*G. Case*, for the plaintiff.

*E. H. Hyde, Jr.*, for the defendant.

GRANGER, J. This is an action of replevin for a sleigh, brought by John W. Spencer as trustee for his wife, and by Anna M. Spencer, his wife, the two being joint plaintiffs. The defendant pleaded in abatement that "no affidavit was made and subscribed by the plaintiffs, or either of them, or by any credible person, before said writ was issued, and annexed to said writ, stating the just and true value of the chattels sought to be replieved by said writ, and that the person making such affidavit believed that the plaintiffs were entitled to the immediate possession of said chattels."

The affidavit, to which a certificate of its being sworn to is appended, is as follows: "County of Hartford, ss. Town of Hartford, December 20th, A. D., 1879. John W. Spencer of said Bloomfield, being duly sworn, deposes and says, that he believes that he as trustee aforesaid, or Anna his wife in her own right, is entitled to the immediate possession of the following described goods, namely, one Portland sleigh, now in the possession of T. E. Moore, deputy sheriff, holding the same for Jonathan Bidwell; that said deponent knows the value of the same and that its true and just value, as near as the deponent can estimate, is thirty dollars. JOHN W. SPENCER, Affiant."

The only question in the case is, whether this affidavit is sufficient, under the statute regulating the action of replevin, (Gen. Statutes, p. 484, sec. 2.) The Court of Com-

mon Pleas held that it was not in accordance with the statute; and sustained the plea in abatement. The plaintiff brings the case here on motion in error.

The action of replevin is a special one, entirely regulated by statute, its whole object being to place the plaintiff in possession of personal property, which he claims to be his either by a general or special title, with a right of immediate possession. The requirements of the statute must, therefore, be strictly complied with before the plaintiff can avail himself of its aid. The first requisite is that "the plaintiff or some other credible person shall subscribe an affidavit stating the true and just value of the goods or chattels which it is desired to replevy, and that the affiant believes that the *plaintiff* is entitled to the immediate possession of the same, which affidavit shall be annexed to the writ." The plaintiff must state his right in his declaration and supplement that statement by the affidavit, and both must show the same thing as to the plaintiff's right of immediate possession. It must appear from both that the plaintiff and no one else is entitled to the possession of the property, and if there are more plaintiffs than one of course a joint right must be alleged in the declaration and stated in the affidavit.

It is very clear that the affidavit in this case is not in accordance with the provisions of the statute. It does not appear whether the husband as trustee of his wife is entitled to the possession, or whether the wife alone in her individual right as a feme sole. The statement of the affidavit is that one or the other is entitled, but it does not state which, and for that reason it is bad for uncertainty as well as for a failure to conform to the statute.

There is no error in the judgment complained of.

**In this opinion the other judges concurred.**